## DETERMINATION AS TO APPEALABILITY.

Circuit Court of Cuyahoga County.

C. F. DREHER V. THE W. M. PATTISON SUPPLY CO. ET AL.

Decided, October 21, 1907.

*Appeals—Action to Cancel Stock Appealable.*

An action by a stockholder in a corporation against the corporation, its officers and other stockholders, wherein one relief asked is the cancellation of stock alleged to have been wrongfully issued, is not an action for money only and is appealable.

*Frank Higley,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

MARVIN, J.; WINCH, J., concurs; HENRY, J., not sitting.

This case is here on appeal from the judgment of the court of common pleas, and a motion is made by the defendants to dismiss the appeal on the ground that the case is not appealable.

The statute fixing what cases may be appealed from the court of common pleas to the circuit court is Section 5226, and reads, so far as it need here be considered, as follows:

"* * * an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court and of which it had original jurisdiction, if the right to demand a jury therein did not exist."

The section which provides what cases may be tried to a jury is No. 5130, and reads in part, as follows:

"* * * issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided."

Section 5131 reads:

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by jury, or referred."

It is clear from these sections that unless there is an issue of fact in the case now under consideration wherein a recovery for money only, or specific real or personal property is sought, neither party was entitled of right to a trial by jury. There was in this case no claim for the recovery of specific real or personal property, so that the question to be considered is whether any part of the case was for the recovery of money only. The case was tried upon a second amended petition and answer to such petition and a reply. The petition upon which the case was tried was very lengthy, and sets out many facts, which, taken by themselves, would require the exercise of equity powers on the part of the court, and which would raise such issues as are not of right triable to a jury. It is urged, however, on the part of the defendants, in support of their motion to dismiss the appeal, that there are issues of fact involving the right to recover a judgment for the payment of money only, and that by reason of that fact the case is not appealable.

The plaintiff in his second amended petition alleges that he is a stockholder of the defendant corporation and complains that the defendant, W. M. Pattison, and the other defendants who

are natural persons, are the officers of the defendant corporation; that these natural persons, having the control of a large majority of the stock of the corporation, have so managed the affairs of the corporation as to pay to themselves salaries much in excess of such salaries as should have been paid; that they have so used the property of the corporation as to prevent the payment of dividends to the stockholders; that they have borrowed money from the corporation and used it for the purchase of other property, for which they have not accounted, and various other matters are set up in this petition, one of which is:

"That on January 2d, 1898, certificate number four for seventy-five shares of stock in the W. M. Pattison Supply Company was issued to defendant, Pattison; that on the same day certificate number 11 for twenty-five shares of said stock was also issued to said Pattison; that is all the stock that was ever issued to said defendant, Pattison. That said Pattison on January 4th, 1898, paid $5,000 in money to the company, and on December 31st, 1898, gave his note to said company, for $4,785.76 and charged his personal account with $214.24. That on said date, to-wit, December 31st, 1898, said Pattison charged his personal account with $5,000. That said note for $4,785.76 has never been paid, and no interest has ever been paid or charged thereon since 1900, the year the dividend was passed as hereinafter set forth. That said defendant, Pattison, was paid a dividend of six per cent. on stock standing in his name for the years 1898 and 1899, and interest was charged against his note of $4,785.76 at the rate of six per cent. for the year of 1898 and at the rate of five per cent. for the years 1899 and 1900."

Similar allegations are made as to the other natural persons who are defendants in the action, and then follows this allegation:

"Plaintiff says that the stock issued to these different defendants without payment therefor, as hereinbefore set forth, was thus issued for the purpose of giving them the control of said the W. M. Pattison Supply Company, and for the purpose of obtaining the dividends thereon and to cheat and defraud this plaintiff and deprive him of his interest in said treasury stock."

Later this allegation appears in the petition:

"That fifty shares of stock now standing in the name of the defendant, W. M. Pattison, has never been paid for, and was

and is treasury stock, and no authority was ever granted by the board of directors of said the W. M. Pattison Supply Company, to dispose of any of said treasury stock, but was issued by said defendants to themselves to obtain and control a majority of the stock of said defendant company and for other reasons hereinabove set forth.''

It is urged on behalf of the motion to dismiss the appeal that these allegations about treasury stock relate only to stock issued to the defendants Smith and Jones, but it will be noticed that the allegations are made directly as to all the defendants, including W. M. Pattison.

It is urged that with these allegations in the petition all that could be recovered under this claim would be recovery against Pattison for the amount due upon his said promissory note. If that be true, then there would be here in this branch of the case, a straight suit for the recovery of money only; but if the allegations of the petition are true, that is not what the plaintiff, suing for himself and other stockholders, is entitled to, but to give him the relief which his allegations would seem to entitle him to and for which he prays, would require the cancellation of 50 shares of the stock which now stand in the name of Pattison, and hence, this part of the case is not a suit for the recovery of money only, and therefore, it is not a suit in which either party would have a right to a trial by jury, but a suit in which an appeal may be taken from the judgment of the court of common pleas to the circuit court.

The allegations in reference to the other natural persons, defendants, are similar to those in reference to the defendant Pattison, and unless the defendant Pattison, under the allegations to which attention has been called, was entitled to have his case tried to a jury, then none of the defendants were entitled to have theirs tried to a jury.

Holding as we do, the relief to which plaintiff would be entitled, would be the cancelling of this stock.

Without taking up in detail the other allegations of the petition, it being conceded that the allegations are such as that the issues would not be of right triable to a jury, the result is that the motion to dismiss the appeal is overruled.